UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:13 CR 420** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Benjamin Suarez, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Suarez's Motion to Dismiss Counts One and Seven (Conspiracy Charges) of the Indictment and Incorporated Memorandum of Points and Authorities in Support Thereof (Doc. 56). Also pending are Defendant Giorgio's motion to join in the preceding motion (Doc. 62) and Defendant Suarez Corporation Industries, Inc.'s Motion to Join (Doc. 74). The motions to join are GRANTED. Therefore, the substantive ruling on the motion to dismiss will apply with equal force to all defendants. This case arises under the Federal Election Campaign Act. Defendants are also charged with obstruction of justice. For the reasons that follow, the motion to dismiss is DENIED.

1

**ANALYSIS**

The indictment charges the defendants with various counts related to donations made to candidates for federal election.  Count one alleges that defendants conspired to violate the campaign laws from March 2011 through September 2011.  In addition, count seven alleges a second conspiracy, namely to obstruct justice in connection with the campaign law violation.  This second conspiracy occurred between March 2011 through September 2013. Defendants move to dismiss the indictment on the grounds that the two conspiracies render the indictment multiplicitous and, therefore, unconstitutional.  In the alternative, defendants request that the Court order the government to elect which charge to pursue or provide the defendants with a bill of particulars.  According to defendants, count one is subsumed within count seven.  As such, defendants will be subjected to multiple punishments for the same conduct and the Double Jeopardy Clause will be violated.  In response, the government argues that the two conspiracies are entirely separate.  Counts one and seven relate to agreements to violate different laws, have different objectives, and involve different overt acts.  The fact that some of the evidence overlaps and relates to both conspiracies does not render the charges multiplicitous.

Upon review, the Court agrees with the government.

Multiplicity is charging a single offense in more than one count in an indictment. Multiplicity may result in a defendant being punished twice for the same crime or may unfairly suggest that more than one crime has been committed. To determine if multiplicity exists, a court must first look to whether Congress intended to punish each statutory violation separately. Where this enquiry does not resolve the issue, the general test for compliance with the double jeopardy clause looks to whether each provision requires proof of a fact which the other does not.  Using the same evidence to prove violations of two statutes does not violate *Blockburger*. But [ ] examining whether the elements overlap the *Blockburger* analysis does require us to go further and look to the legal theory of the case or the elements of the specific criminal cause of action for which the defendant was convicted without examining the facts in detail.

2

*United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008)(internal citations and quotations omitted); *See also, Blockburger v. United States*, 284 U.S. 299 (1932).

Here, there are different elements and different facts that must be established to prove each conspiracy. As the government points out, the objective of the conspiracy to violate campaign laws was to conceal the fact that SCI was the true source of the improper contributions and to gain influence from those contributions. On the other hand, the objective of the obstruction conspiracy was to impede the federal investigation into the true source of the contributions, concealing the relationship between SCI and Suarez and the candidates from investigators and the grand jury, falsifying records, and influencing the testimony of potential witnesses. The Court finds that these two charges involve different conspiracies. For example, even if the contributions made to the candidates were deemed legal under the election laws, defendants could nonetheless be convicted for conspiring to obstruct justice into the investigation surrounding the contributions. Thus, defendants err in arguing that the conspiracy alleged in count one is "entirely subsumed" into the conspiracy alleged in count seven. Similarly, the obstruction charge requires that the government establish the obstruction of a federal investigation, which count one does not. In all, the Court finds that the indictment is not multiplicitous and, therefore, the Double Jeopardy Clause is not implicated.

Defendants alternatively seek a bill of particulars. By separate Order, this Court denied defendants' requests for bills of particulars. Accordingly, the request is not well-taken.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Counts One and Seven (Conspiracy Charges) of the Indictment is DENIED.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 5/8/14