UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United Sates of America, | ) | CASE NO. 5:13 CR 420 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Benjamin Suarez, *et al*. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Michael Giorgio's Motion for a Bill of Particulars (Doc. 33). Also pending is Defendant Benjamin Suarez's Motion for a Bill of Particulars (Doc. 58). For the reasons that follow, the motions are DENIED.

**ANALYSIS**

Defendants argue that the indictment is insufficient to put them on notice of the crimes charged and, as such, they are unable to properly prepare their defenses. According to defendant Suarez, the indictment does not identify the members of the alleged conspiracy. Nor does it explain how Suarez caused a candidate to make false statements. In his request, defendant

1

Suarez asks that the Court order the government to provide information, including but not limited to, the following: identities of all co-conspirators, dates and places of the events supporting the conspiracy, as well as the specific conduct purporting to show the conspiracy, the identities of the individuals who solicited each of the alleged conduit contributors, the date and content of each agreement to reimburse the employees, a statement of whether Suarez acted directly or indirectly and, if indirectly, a description of the indirect actions. Similarly, defendant Giorgio seeks a bill of particulars. According to defendant Giorgio, the indictment is insufficient to allow him to prepare a defense or argue double jeopardy in a future prosecution. Defendant Giorgio asks that the Court order the government to provide the identities of the co-conspirators and "aiders and abettors," the initials of the individuals referred to in the indictment, and copies of the 22 documents allegedly responsive to the grand jury subpoenas.

In response, the government argues that the indictment is sufficiently particular to enable defendants to adequately prepare their defenses. The government claims that defendants' requests are improper attempts to learn the government's evidence and strategy of the case. In addition, the government points out that in the interest of cooperation, it provided defense counsel with a list disclosing the identities of the individuals referred to in the indictment by their initials. The government further provided the 22 documents requested by defendant Giorgio. According to the government, it need not disclose the identities of the co-conspirators or "aiders and abettors."

Upon review, the Court agrees with the government and denies defendants' request for bills of particulars. "A bill of particulars is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *U.S. v. Crayton*, 357 F.3d 560,

568 (6th Cir. 2004)(internal quotations omitted).  In that vein, "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars."  *Id*. (*citing United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir.1991)).  Nor is the government obligated to identify aiders and abetters.  *See, United States v. Birmley*, 529 F.2d 103, at n.3 (6th Cir. 1976).  Moreover, the government indicated that it provided the full identities of the individuals identified in the indictment by initials, as well as the 22 documents requested by defendant Giorgio.  The remaining information sought by defendants, *e.g.*, "the date and content of each agreement to reimburse the employees, a statement of whether Suarez acted directly or indirectly and, if indirectly, a description of the indirect actions" plainly constitutes the government's proof at trial and would unduly expand the scope of discovery.  Here, the indictment is sufficiently particular to put defendants on notice of the charges such that they can adequately prepare for trial without unfair surprise.  It further would allow defendants to plead double jeopardy.  As such, defendants are not entitled to bills of particulars.

## **CONCLUSION**

For the foregoing reasons, Defendant Michael Giorgio's Motion for a Bill of Particulars (Doc. 33) and Defendant Benjamin Suarez's Motion for a Bill of Particulars (Doc. 58) are DENIED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/8/14