UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:13 CR 420** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Benjamin Suarez,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Michael Giorgio's Motion to Dismiss Count 9 of the Superseding Indictment (Doc. 81). Also pending are defendant Benjamin Suarez's Motion to Join Co-Defendant's Motion to Dismiss Count 9 of the Superseding Indictment (Doc. 68) and Defendant Suarez Corporation Industries, Inc.'s Motion to Join Defendant Michael Giorgio's Motion to Dismiss Count 9 of the Superseding Indictment (Doc. 83). The motions to join are GRANTED and, therefore, the substantive ruling will apply to all defendants. For the reasons that follow, the defendants' motion to dismiss is DENIED.

1

**FACTS**

The Superseding Indictment charges defendants, Benjamin Suarez, Michael Giorgio, and Suarez Corporation Industries, Inc. ("SCI"), with various counts related to "straw man" campaign contributions made by persons who worked for or were associated with SCI. According to the indictment, Giorgio and Suarez recruited these individuals and requested that they make contributions to federal election campaigns. Girogio and Suarez collected contribution forms and checks from these "straw donors" and sometimes completed the forms themselves. Giorgio and Suarez sent the forms and checks directly to the campaigns. The "straw donors" were told by Giorgio that SCI would reimburse them for their contributions. The "straw donors" were then reimbursed by SCI through payments "disguised" as additional salary and later as profit sharing. Once the contributions were publically exposed, defendants sought to conceal their conduct by attempting to require that the "straw donors" pay back the reimbursements.

The indictment further alleges that defendants created and then concealed a document containing the handwriting of both individual defendants. The document, "recounted Suarez's proposed version of the conduit contributions...." and, in it, the defendants "sought to coordinate their stories." (*See*, Superseding Indictment at ¶¶ 70, 101). A grand jury subpoena directed at SCI requested categories of documents. The government claims that the document containing defendants' handwriting, while responsive to the grand jury subpoena, was not produced by any defendant. Rather, defendants concealed its existence. In Count 9, defendants are charged as follows:

> From in or around July 2012, though on or about January 22, 2013...defendants...did corruptly obstruct, influence, and impede any official proceeding, and attempt to do so,

>> by creating and then concealing the existence of a one-page note in Suarez's handwriting and a five-page typewritten document containing Giorgio's handwriting....

(Superseding Indictment at ¶ 101).

Defendants move to dismiss this charge and the government opposes the motion.

## ANALYSIS

Defendants make two arguments in support of their motion to dismiss.  Defendants argue that the statute is unconstitutionally vague as applied.  In addition, defendants claim that there is no "nexus" between the "inaccurate" statements in the document and any "official proceeding."  Each argument will be addressed in turn.

1. Vagueness

Defendants argue that 18 U.S.C. § 1512(c) is void for vagueness.  Section 1512(c) provides as follows:

> (c) Whoever corruptly--
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

According to defendants, they are charged under subsection (2), which is the "catchall provision" of Section 1512. Defendants argue that the statute as applied to their conduct is unconstitutionally vague.  According to defendants, the mere "possession" of documents is an otherwise innocent act that is criminalized under Section 1512(c)(2).  Because there are no definitive standards pursuant to which the statute can be enforced, the statute is vague.  In

3

addition, defendants argue that the terms "corruptly" and "otherwise" are not defined. Defendants rely on *United States v. Pointdexter*, 951 F.2d 369 (D.C. Cir. 1992) in support of their argument. Defendants claim that under the "Rule of Lenity," the statute does not apply to the alleged misconduct.

In response, the government argues that the terms "corruptly" and "otherwise" are not unconstitutionally vague. The government points out that a number of circuit courts have routinely upheld convictions under Section 1512(c)(2). Although it appears from the face of the indictment that the government may have possibly intended to charge defendants under Section 1512(c)(1) *and* (2), they make no such argument in their briefing.[1]

Upon review, the Court rejects defendants' arguments. The United States Supreme Court has explained that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975)(citation omitted). Thus, while a statute may be unconstitutionally vague as to certain conduct, the same may not be true of other types of conduct that fall under the statute. In other words, defendants must establish that Section 1512(c) is unconstitutionally vague as applied to the misconduct alleged in the superseding indictment. *See, United States v. Avant*, 907 F.2d 623, 625 (6th Cir. 1986). To survive a void for vagueness challenge, a statute must be "sufficiently defined so that ordinary people,

---

[1] For example, counts nine and ten in the indictment both are captioned "Obstruction of Justice, 18 U.S.C. §§ 1512(c) and (2). Similarly, in paragraphs 101 and 103, the government alleges, "[the actions were done] in violation of Title 18, United States Code, Sections 1512(c)(2) and (2)." It appears that these provisions contain typographical errors.

4

exercising ordinary common sense, can understand it and avoid conduct which is prohibited, without encouragement of arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

Here, defendants argue that because "corruptly" and "otherwise" are undefined, the statute is unconstitutional because it extends to cover the benign conduct of "passively possessing" documents. In the context of a similar obstruction statute, the circuit courts appear to universally conclude that the phrase "corruptly persuades" is ambiguous. *See, United States v. Doss*, 630 F.3d 1181, 1187 (9th Cir. 2011)("All courts considering this issue have found this phrase to be ambiguous). In *Doss*, the court noted in applying the phrase:

> There is currently a circuit split over the type of conduct that falls within the ambit of this phrase. Two of our sister circuits conclude the persuasion with an "improper purpose" qualifies (such as self-interest in impeding an investigation), while another concludes there must be something more inherently wrongful about the persuasion (such as bribery or encouraging someone to testify falsely).

*Doss*, 630 F.3d at 1186.

Although construing a different statute, *Doss*'s analysis applies in concept to the statutory provision at issue in this case. Generally speaking, the vagueness challenge fails where the conduct at issue has no purpose other than one that could generally be described as "corrupt." Thus, for example, all courts appear to conclude that bribing a witness qualifies as acting "corruptly." On the other hand, courts are split when there is a genuine question of whether the underlying conduct was engaged in "corruptly," as that term is generally defined.

Some courts define "corruptly" as simply "motivated by an improper purpose, while other courts required something more nefarious. Moreover, the analysis often includes whether an intent element is otherwise present in the statute. So, for example, if the statute at issue

5

includes an intent element *and* the actions must be taken "corruptly" courts have required the "something more." Here, it does not appear that Section 1512(c)(2) has an intent element. Thus, the more general "motivated by an improper purpose" is more likely applicable. However, the Court need not reach this issue because, under either definition, the Court finds that the statute is not unconstitutionally vague as applied to the charges set forth in count nine of the indictment.

Courts finding the statute vague have been faced with alleged misconduct that may arguably not be "corrupt" under any definition. For example, in *Doss*, the court addressed whether defendant's appeal to his wife to exercise her martial privilege not to testify against him was "corrupt"– as opposed to innocent– persuasion. The court concluded that the statute was vague as applied because it reached conduct that, although arguably could be motivated by a self-interest, it also could have amounted to "innocent persuasion." In this case, defendants are charged with *creating* and concealing a *false* document that "contained an inaccurate version of events that Suarez and Georgio planned to coordinate and present." Defendants wholly ignore the fact that defendants were charged with the creation of the false document.[2] Rather, defendants' brief relies almost exclusively on the argument that defendants "passively

---

[2] Defendant Giorgio repeatedly argues that Suarez alone created the document and that the indictment fails to identify the contents of defendant Giorgio's handwritten notes. These are evidentiary issues that cannot be resolved in a motion to dismiss. The face of the indictment clearly alleges that defendant Giorgio created a false document. At this point in the proceedings, as defendants acknowledge, the Court must accept the government's factual allegations. Moreover, the Court rejects defendants' argument that the document cannot form the basis of the charge because it is protected by the attorney-client privilege. This Court addressed this issue by separate Order and concluded that defendants fail to establish that the documents are privileged.

possessed" the document.  The Court finds that the creation of false documents satisfies the phrases "corruptly" and "otherwise.[3]"  Defendants argue in their reply brief that this conduct is not sufficiently related to the conduct delineated in Section 1512(c)(1).  Section 1512(c)(1) prohibits altering, destroying, mutilating, or concealing a record.  The Court rejects this argument.  Rather, the Court finds that persons of ordinary intelligence can understand that creating a false document is conduct that is "otherwise" prohibited by Section 1512 (c)(2). Accordingly, the statute is not vague as applied to defendants.

Because the Court finds that the statute is not vague or ambiguous as applied, the Court rejects defendants' request to apply the Rule of Lenity.[4]

2.  Nexus requirement

Defendants next argue that Count 9 must be dismissed because the government fails to allege that "the narrative was prepared with an intent to give it to and, thereby, mislead, the grand jury."  According to defendants, there can be no intent to obstruct justice by *not* turning over a falsified document. Defendants claim that the opposite is true.  According to defendants, the document is privileged and defendants never intended to convey the purportedly inaccurate information to the grand jury.  As such, there is no nexus between the alleged misconduct and any "official proceeding."  The government argues that it need not allege the existence of a

---

[3] Defendants argue that the phrase "otherwise" is ambiguous and should be limited to acts involving the modification or manipulation of a document.  In other words, "passive possession" cannot violate the statute.  Once again, however, defendants' argument ignores the fact that defendants are charged with *creating* a false document.

[4] The Rule of Lenity requires that the Court apply vague and ambiguous terms in favor of the defendant.

nexus, even if it must prove one at trial.

Upon review, the Court finds that defendants' argument is well-taken, in part. The Court agrees with defendants that the government must establish a nexus between defendants' alleged wrongdoing and an "official proceeding." *See, Arthur Anderson LLP v. United States*, 544 U.S. 696, 708 (2005)(finding that Section 1512(b) requires a nexus between "corruptly persuading" and "official proceeding"); *United States v. Aguilar*, 515 U.S. 593 (1995)("...if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct."). Court have extended the rationale in *Arthur Anderson* and *Aguilar* to cases involving the statutory section at issue before this Court. *See, United States v. Fiske*, 640 F.3d 1288, 1292 (11th Cir. 2011)(government required to prove that defendant knew of, or at least foresaw, the forfeiture proceeding); *United States v. Bennett,* 664 F.3d 997 (5th Cir. 2011), *vacated on other grounds*, 133 S.Ct. 71 (2012)(applying *Arthur Anderson* to require a nexus with respect to charges brought under Section 1512(c)(2)); *United States v. Reich*, 479 F.3d 179 (2nd Cir. 2007)(extending reasoning in *Aguilar* to require a nexus in the context of charges brought pursuant to Section 1512(c)(2)); *United States v. Carson*, 560 F.3d 566, 584 (6th Cir. 2009)(assuming without deciding that the nexus requirement applies to Section 1512).

Based on the foregoing, the Court concludes that the government must establish a nexus between the corrupt conduct and an official proceeding. The Court, however, agrees with the government that the nexus need not be alleged or established in the indictment. *See, e.g., United States v. Rand,* 2011 WL 4498866 (W.D.N.C. July 27, 2011)("Numerous courts have held that while the Government must prove a "nexus" between the defendant's conduct and an official proceeding at trial, the Indictment need not allege any such nexus."); *United States v. Ring*, 628

F.Supp. 2d, 195, 223-24 (D.D.C. 2009)(finding that defendant's argument "conflates pleading with proof" and noting that neither *Aguilar* nor *Arthur Anderson* involved the sufficiency of the indictment); *United States v. Triumph Capital Group*, 260 F.Supp.2d 470, 475 (D. Conn. 2003)(government need not allege nexus in indictment; nexus need only be established at trial). Rather, the government must satisfy the nexus requirement at trial. Accordingly, dismissal of count nine is not required.

### **CONCLUSION**

For the foregoing reasons, Defendant Michael Giorgio's Motion to Dismiss Count 9 of the Superseding Indictment (Doc. 81) is DENIED.

IT IS SO ORDERED.


   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/8/14