UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:13 CR 420 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Benjamin Suarez, *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Michael Giorgio's Motion to Dismiss Count 7, in part, and Count 9 of the Superseding Indictment (Doc. 70).  Also pending are Defendant Benjamin Suarez's Motion to Join Co-Defendant's Motion to Dismiss Count 7, in part, and Count 9 of the Superseding Indictment (Doc. 67) and Defendant Suarez Corporation Industries, Inc.'s Motion to Join Defendant  Michael Giorgio's Motion to Dismiss Count 7, in part, and Count 9 of the Superseding Indictment (Doc. 79).  The motions to join are GRANTED and, therefore the substantive ruling on defendant Giorgio's motion to dismiss will apply with equal force to all defendants.  Also pending is Defendant Suarez's Motion to Dismiss Counts

1

Seven, Nine, and Ten of the Indictment and Incorporated Memorandum of Points and Authorities in Support Thereof (Doc. 116).  For the reasons that follow, the motions to dismiss are DENIED.  As set forth herein, the Court requests that the government confirm whether it intends to rely on the documents discussed by defendants in Giorgio's motion as overt acts.  The Court requests that this information be provided on or before May 14, 2014.

**FACTS**

Defendants were charged with various counts related to alleged violations of the Federal Election Campaign Act ("FECA").  In addition, count seven charges defendants with conspiracy to obstruct justice based, in part, on the allegation that SCI failed to comply with various grand jury subpoenas and, instead, withheld responsive documents.  Count nine charges defendants with aiding and abetting the obstruction of justice by creating and then concealing the existence of a one-page note handwritten by Suarez and a five-page typewritten document containing Giorgio's handwritten markings.  Count ten charges defendants with aiding and abetting the obstruction of justice by concealing the existence of "an email between C.B., L.P., and others, and the existence of drafts of a letter Suarez exchanged with the 2012 Senate Campaign candidate that Suarez asked the candidate to write to another public official on SCI's behalf regarding SCI's business interests."

**ANALYSIS**

1. Giorgio's motion

Defendants move to dismiss count seven, in part, and count nine.  According to defendants, count seven must be dismissed to the extent it is based on the failure of SCI to

2

produce certain documents identified in the Indictment.  Defendants argue that with respect to count seven, some of the documents are not responsive, did not exist at the time the specific subpoena was issued, or are exempt from disclosure by the attorney-client privilege.  In response, the government argues that the Superseding Indictment properly alleges obstruction of justice in count seven.  According to the government, the law requires only that the government identify the material elements of the offense, which in this case includes at least one overt act.  The government notes that it lists numerous overt acts, only some of which even involve the failure to produce documents in response to the grand jury subpoenas.  According to the government, it need only establish one of those acts at trial.  The government further points out that it need not prove its case now.  The government claims that defendants are in essence asking the government to prove each and every overt act at this time.  That, however, is not the law.  In reply, defendants argue that the issues they raise are issues of law, not fact.  In other words, even accepting as true the government's allegation that defendants failed to produce the documents, no crime could have occurred with respect to certain documents because they were either non-responsive or privileged.

Upon review, the Court agrees with the government.  Defendants do not challenge the sufficiency of the allegations in count seven.  Rather, defendants parse out a handful of overt acts and request that the Court decide now whether these documents are responsive to at least one of four subpoenas.[1]  Because the government need only establish one overt act, this exercise would not materially advance this matter.  The government may ultimately decide not to rely on any of

---

[1] The Court is not entirely convinced that it is the Court's job–and not that of the jury–to decide responsiveness.

the documents identified by defendants in proving count seven.  Nonetheless, for the sake of judicial economy and to avoid unnecessary and possibly lengthy delays at trial, the Court requests that the government review the documents *identified by defendants and attached to the motion*[2] and indicate to the Court whether it intends to rely on the failure to produce each document as an overt act.  In this vein, the Court will be prepared to address these issues if and when they arise during trial.  To be clear, the Court is not requesting that the government identify each and every overt act it intends to rely on.  Rather, the Court requests that the government simply confirm whether it intends to rely on the *specific documents identified by defendants* as constituting overt acts.

With regard to count nine, the Court finds that defendants' motion is not well-taken.  Here, defendants argue that a handwritten note and five-page typed document containing Giorgio's handwriting is privileged and, therefore, the failure to provide the document in response to the grand jury subpoena cannot constitute obstruction.  As set forth by separate Order, however, there is no indication that the document was ever provided to or reviewed by any attorney at or near the time it was created.  Thus, the document is not privileged.  Accordingly, defendants' motion to dismiss count nine is DENIED.

The Court further rejects defendants' argument that the four grand jury subpoenas are vague and overbroad.  Defendants do not develop this argument and only very generally make this assertion.  The Court also rejects defendants' argument that Giorgio cannot be liable under

---

[2] Specifically, the documents at issue are attached as exhibits 5-7 and 10-17 to ECF 70.  In addition, the government should address the "correct" documents referred to in Paragraph 75 of the superseding indictment.

count seven because the subpoenas are not directed at him personally. As the government notes, count seven charges a conspiracy. As such, the government need only establish an agreement between SCI, Suarez, and Giorgio and one overt act committed by one conspirator. The argument is, therefore, not well-taken.

2. Suarez's motion

Suarez argues that counts seven, nine, and ten must be dismissed because the grand jury subpoenas were directed solely at SCI. According to defendant, "the government has knowledge that Mr. Suarez does not even operate out of the SCI offices. The undisputed evidence proves that Mr. Suarez relies on his executive officers to perform the daily functions necessary for SCI to operate." Suarez also argues that there are no facts pled that would support the belief that Suarez prevented SCI from complying with the subpoenas. He further argues that he did not author or receive the documents discussed in count ten. For the same reasons set forth with respect to defendant Giorgio, the Court rejects this argument. The government alleges that Girogio and Suarez conspired with SCI to obstruct justice. Therefore, the subpoena need not have been directed personally to Suarez for liability to attach.

And, for the same reasons set forth above and in a separate Order, Suarez fails to establish that the documents referred to in count nine are privileged. Therefore, the Court will not dismiss that count.

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss are DENIED. The Court, however, requests that the government confirm whether it intends to rely on the documents discussed by defendants in their motions as overt acts. The Court requests that this information

5

be provided on or before May 14, 2014.

    IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 5/8/14