**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United Sates of America,** | ) | **CASE NO. 5:13 CR 420** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Benjamin Suarez,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Benjamin Suarez's Motion to Sever Defendants (Doc. 50). Also pending is Defendant Michael Giorgio's Motion for Severance (Doc. 82). The defendants are charged with violating certain provisions of the Federal Election Campaign Act and obstruction of justice. For the reasons that follow, the motions to sever are DENIED.

**ANALYSIS**

In essence, this case involves charges by the government that defendants conspired to violate campaign finance laws by recruiting employees of defendant SCI to make contributions

1

to federal election campaigns and then reimbursing these employees for their contributions. For the sake of brevity, the Court will not repeat the facts at issue in this case. Rather, specific facts will be addressed as necessary to resolve the parties' arguments. Defendants Suarez and Giorgio move to sever the trial in this matter. The government opposes the motions.

Pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, defendants may be charged together if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14(a) affords the Court with discretion to order severance if "the joinder of offenses or defendants in an indictment...appears to prejudice a defendant or the government...."

In this Circuit, as a general rule, "persons jointly indicted should be tried together." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008). "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (*Quoting Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Even if the risk of prejudice remains high, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id*. If the jury is able to compartmentalize the evidence, a motion to sever should be denied. *Id*. Thus, the Sixth Circuit will reverse this Court's decision only if the defendant can demonstrate "compelling, specific, and actual prejudice from the court's refusal to grant the motion to sever." *Id*.

1.  Defendant Suarez's motion

Defendant Suarez argues that his Sixth Amendment right to confront his accusers will be violated if severance is not ordered. According to defendant, the government intends to

2

introduce statements from SCI employees indicating that defendant Giorgio asked the employees to donate to certain campaigns and implied that SCI would reimburse the employees for their contributions.  According to Suarez, the government's use of this out-of-court statement by a co-conpspirator will give rise to a Sixth Amendment violation because Suarez will be unable to confront Giorgio should Giorgio elect to assert his Fifth Amendment privilege against self-incrimination.  The government argues that the statements are not testimonial in nature and, therefore, do not fall under the protections afforded by *Bruton v. United States*, 291 U.S. 123, 137 (1968).

Upon review, the Court rejects the argument that severance is required in order to avoid a Sixth Amendment violation.  As the Sixth Circuit has noted, "ordinarily when, at a joint trial, a codefendant's prior statement, testimonial or otherwise, is introduced only against the declarant-codefendant, and not against the complaining codefendant, the latter has suffered no violation of his Sixth Amendment Confrontation Clause rights."  *Untied States v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007).  "The Supreme Court has recognized an exception to this general rule where a co-defendant's statement facially incriminates the defendants...."  *Driver*, 535 F.3d at 428 (*citing Bruton v. United States*, 391 U.S. 123, 135-36 (1968)).

The *Bruton* exception plainly does not apply in this case as the statements made by Giorgio are non-testimonial in nature and do not facially implicate Suarez.  Suarez argues that the jury will attribute the statements to him simply because he is Girogio's employer.  The Court rejects this argument.  Again, the statements do not implicate Suarez.  There is simply nothing to suggest that the jury would somehow attribute the statements to Suarez.  Accordingly, the argument lacks merit and Suarez's request for severance on Sixth Amendment grounds is

3

rejected.

Defendant also argues that severance is warranted because defendants may present conflicting defenses at trial.  Defendant provides the following as an example, "Mr. Suarez may argue that he was not part of any conspiracy and that any illegal acts by Mr. Giorgio were taken without Mr. Suarez's knowledge.  In contrast, Mr. Giorgio may attempt to show that he simply complied with Mr. Suarez's orders and did not know that what Mr. Suarez wanted him to do was unlawful."  Defendant Suarez points to the five-page typewritten document that is central to this case.  In that document, it appears that defendants Suarez and Giorgio offer conflicting recollections of what transpired.  According to defendant Suarez, he intends to argue that the document is privileged, while defendant Giorgio will argue that he lacked the requisite *mens rea* and was simply following instructions given by his boss.  According to defendant Suarez, the jury will likely draw an improper conclusion of guilt based on the two conflicting defenses.  Defendant Suarez also argues that it may appear at trial that co-defense counsel is acting as a second and third prosecutor.  In response, the government argues that defendant Suarez presents only theoretical antagonistic defenses.  Moreover, the fact that "finger pointing" may occur is not sufficient to require severance.

Upon review, the Court rejects defendant Suarez's argument.  The mere fact that "two defendants both claim they are innocent and each accuses the other of the crime," does not automatically lead to "legally cognizable prejudice."  *See, e.g., Zafiro v. United States*, 506 U.S. 534, 540, 541 (1993).  Rather, even if some risk of prejudice exists from these theoretical defenses, less drastic options are available to cure the prejudice.  In the event these antagonistic defenses play out at trial, the Court may, if requested, give a cautionary jury instruction.

Because "juries are presumed to follow their instructions," any risk of prejudice is greatly reduced.  Accordingly, defendant Suarez's argument is rejected and severance is not warranted on that basis.

    2. Defendant Giorgio's motion

Defendant Giorgio also moves for severance.  According to defendant, counts eight and ten, which charge witness intimidation and obstruction of justice, respectively, are "misjoined" with the remaining counts.  Defendant Girogio is not charged in these two counts.  As such, he requests that his trial be severed from that of defendants Suarez and SCI.  In the alternative, he requests that counts eight and ten be severed from the remaining counts.  The government argues that defendant Giorgio's argument is belied by the plain language in Fed. R. Crim. Pro. 8(b).  According to the government, the superseding indictment charges defendants with logically related conspiracy and other counts that have overlapping proof.  This more than satisfies Rule 8(b).

Upon review, the Court denies defendant Giorgio's requests.  As defendant points out, unlike Rule 14, severance under Rule 8 constitutes "misjoinder" and the Court has no discretion but to order severance if the standard set out in Rule 8 is not met. On its face, Rule 8(a) applies to the joinder of multiple offenses and Rule 8(b) applies to the joinder of multiple defendants.  It is not entirely clear which portion of Rule 8 applies where there is the joinder of both multiple offenses and multiple defendants.  "Traditionally, courts have held that Rule 8(a) applies only to a prosecution of a single defendant, and that Rule 8(b) applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against himself." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir.1997); *See also, Zirker v. United*

5

*States*, 253 Fed. Appx. 573, 576 n. 3 (6th Cir. 2007)(while "this Sixth Circuit has yet to decide whether it will follow the majority rule, ... the weight of authority from outside this Circuit suggests that Rule 8(b) applies in most cases involving more than one defendant").

"The primary difference between the two sections is that it is easier to justify joinder under Rule 8(a) because, unlike Rule 8(b), it also permits joinder of offenses which are merely of the same or similar character." *Frost*, 125 F.3d at 389.  Here, because the outcome is the same regardless of which provision applies, the Court will address the stricter standard set forth in Rule 8(b).  Pursuant to Rule 8(b), joinder of defendants is proper if the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting the same offense or offenses."  Whether this test is satisfied depends entirely on the allegations contained in the indictment.  *See, United States v. Baltimore*, 482 Fed.Appx. 977 (6th Cir. 2012).   "Under Rule 8(b) multiple defendants may be joined only if a sufficient nexus exists between the defendants and the single or multiple acts or transactions charged as offenses." *United States v. Johnson*, 763 F.2d 773, 775 (6th Cir. 1985).  However, "we have held that Rule 8(b) should be construed to favor joinder in order to promote judicial economy." *U.S. v. Davidson,* 936 F.2d 856, 861 (6th Cir. 1991)(citing *United States v. Johnson*, 763 F.2d 773 at 775).

Upon review, the Court finds that a sufficient nexus exists between the defendants and the acts charged as offenses.  The defendants are charged with conspiring to violate the Federal Election Campaign Act.  Both defendants are charged with obstructing justice.  Defendant Giorgio argues that he is not charged with obstructing justice in the same manner as defendant Suarez.  Nor is he charged with witness tampering.  The Court, however, finds that there is a

6

sufficient nexus between the conspiracy charges and the obstruction and witness tampering charges to allow the defendants to be tried together.  Although the witness tampering charge is additional conduct asserted against defendant Suarez only, it is part of the same series of acts or transactions and is sufficiently related to the conspiracy and obstruction charges for which Giorgio is charged.  All counts relate to the campaign donations and the attempt to cover up the wrongdoing.  Given Rule 8(b)'s preference for joinder, the Court finds that the Rule is satisfied in this case.

Defendant argues that even if the charges are properly joined under Rule 8, the Court should ordered severance under Rule 14 because of the prejudicial effect of trying the defendants or counts together.  Defendant Giorgio essentially argues that the jury will find "guilt by association."  According to defendant Giorgio, the jury could improperly infer that he bears criminal liability for defendant Suarez's independent wrongdoing simply because of their mutual connection to SCI.  The government argues that juries distinguish between the conduct of co-defendants every day and that the mere possibility that the jury could impute some evidence relating to one co-defendant to another is not a "serious risk" of prejudice.

As set forth above, "[a] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008).  Defendant Giorgio fails to point to a specific trial right that will be compromised by jointly trying all defendants on all charges.  Nor does the Court find that the jury will be unable to make a reliable judgment about defendant Giorgio's guilt simply because Suarez is charged with additional wrongdoing.  Again, if requested, the

Case: 5:13-cr-00420-PAG  Doc #: 148  Filed: 05/08/14  8 of 8.  PageID #: 1660

Court can correct any potential for prejudice through jury instructions.

**CONCLUSION**

For the foregoing reasons, Benjamin Suarez's Motion to Sever Defendants (Doc. 50) and Defendant Michael Giorgio's Motion for Severance (Doc. 82) are DENIED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/8/14

8