**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:13 CR 420** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Benjamin Suarez, et al.,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the petitioner Benjamin Suarez's Motion to Vacate Sentence (Doc. 383). For the reasons that follow, the motion is DENIED.

### FACTS

Only those facts necessary for a resolution of the instant motion are set forth herein.

On October 22, 2013, a federal grand jury returned a Superceding Indictment charging petitioner, his company ("SCI"), and Michael Giorgio with conspiracy to violate campaign finance laws and obstruct justice, as well as other substantive charges. In Count Eight, the government charged petitioner with witness tampering. The charge alleged that petitioner

1

attempted to tamper with Barbara Housos's testimony in three ways.  According to the government, petitioner sent Housos a one-page handwritten note accompanied by a five-page typewritten document that contained an inaccurate version of events that petitioner wanted Housos to present to the grand jury.  The government further charged in count eight that petitioner attempted to tamper with Housos's testimony by writing and circulating to SCI employees an inaccurate letter indicating that Housos was under federal investigation and that she was mentally unwell.  The letter further referenced a tragic family event that petitioner attributed to the government's investigation.  Count eight also claimed that petitioner attempted to tamper with Housos's testimony by questioning her mental capabilities.

The case was tried to a jury.  The jury acquitted petitioner of all charges with the exception of count eight.  After the guilty verdict, the Court polled the jury and its members indicated that they had unanimously agreed that petitioner committed one or more of the three means charged in count eight.  Ultimately, after post-trial motion practice, petitioner appealed his conviction to the Sixth Circuit.  The court upheld petitioner's conviction.  Petitioner now moves for relief pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.  The government opposes the motion.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

**ANALYSIS**

Petitioner argues[1] that trial counsel was ineffective. According to petitioner, the handwritten note informed Housos that her lawyers [including Don Sherzer] were not to be trusted and that she could be prosecuted even if the government offered immunity. Petitioner argues that these statements were not intended to influence Housos's testimony. Rather, plaintiff believed that the attorneys were not properly protecting Housos based on legal advice he received from another attorney. Petitioner claims that trial counsel failed to sufficiently investigate this assertion. Petitioner also argues that his trial attorneys were ineffective in their cross-examination of Michael Puterbaugh. According to petitioner, Puterbaugh was present at a meeting in which the former attorney's "bad advice" was discussed. Petitioner claims that had his trial attorneys cross-examined Puterbaugh about the meeting, Puterbaugh would have testified that petitioner was relaying information received by an attorney. As such, the jury would have acquitted him of count eight because they would not have believed that he was attempting to intimidate Housos by telling her not to trust her attorneys.

A petitioner challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth

---

[1] The Court has considered petitioner's initial Sectoin 2255 motion (Docs. 383, 384) as well as his amendment to that motion (Doc. 394).

Amendment, and further that counsel's deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, in order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Upon review, petitioner's motion is denied. With regard to petitioner's allegation that trial counsel failed to conduct a sufficient investigation into former counsel's "bad advice," the docket conclusively demonstrates the opposite. As the government notes, trial counsel moved to suppress the handwritten note on the basis of attorney-client privilege. In documents filed with the Court, trial counsel argued that "Mr. Suarez told Ms. Housos not to tell anyone about the documents or admit wrongdoing to her lawyer for a lawful reason: Mr. Suarez's counsel had advised him that Ms. Housos's lawyer was giving her bad legal advice...." (Doc. 105 at pageID 1175). Thus, it is readily apparent that trial counsel was fully aware of this issue throughout the trial. Petitioner fails to identify any further facts that counsel should have uncovered.

Nor does counsel's decision to focus strongly on other aspects of the handwritten note render counsel's performance deficient. As the government points out, assuming *arguendo* that Puterbaugh would have testified favorably, eliciting that testimony would have required a waiver of the attorney-client privilege. As petitioner is aware, there were other serious charges pending against him (for which he was acquitted) that would have been impacted by such a waiver. And, the jury was aware of the fact that petitioner's statements in the handwritten note were allegedly

made based on the advice of counsel. Government Exhibit 504, which was admitted into evidence, discusses ceratin "talking points" petitioner wanted to address at a group meeting. In that document, petitioner indicates that he was informed by counsel that the former attorney gave bad advice regarding the issue of immunity. Thus, the jury was in fact aware of the very issue that petitioner now claims forms the basis for his ineffective assistance of counsel claim. Counsel's strategic decision to focus on other aspects of the note does not rise to the level of a constitutional violation.

More important, however, petitioner's argument is directly belied by Puterbaugh's testimony. According to petitioner, had counsel more effectively cross-examined Puterbaugh, he would have testified "not only that he remembered one of the attorneys at that meeting commenting on the inadequacy of the immunity offered by the government, but that Mr. Suarez sent his note to Ms. Housos hours after that conference." The government, however, notes that Puterbauh did in fact testify on this subject at trial. Unfortunately for petitioner, Puterbaugh's testimony directly contradicts his current unsupported claim:

> Q: Where it says, "Santarelli told Suarez and Puterbaugh in conference calls and in meetings that the [former attorney] was giving bad legal advice," did that happen?
>
> A: I don't recall if Don Santarelli said that or not.
>
> Q: So would you be able to testify to that?
>
> A: No.

Puterbaugh testified in a similar fashion before the Grand Jury. The following exchange took place:

> Q: So, for example, where in here it says that you would testify that "[the former attorney] was giving bad legal advice?"

5

>A: I would never testify to that. I don't believe that.
>
>Q: How about where it says that "[the former attorney] was a bad attorney that seemed to be working for the government?"
>
>A: No, I would not - - I would never say that.

This testimony conclusively demonstrates that trial counsel was not ineffective for failing to cross-examine Puterbaugh on this subject as his testimony actually *undercuts* plaintiff's position.  In all, the Court finds that trial counsel's performance is nowhere close to being "outside the range of competence demanded of attorneys in the criminal context."  Accordingly, because petitioner fails to demonstrate incompetent performance, the Court need not determine whether petitioner suffered prejudice.

The Court notes however, that petitioner also fails to point to any issue of prejudice.  As noted, petitioner could not have suffered prejudice as a result of Puterbaugh's testimony because he did in fact testify on the subject.  Moreover, although petitioner believes it is "highly unlikely" that a jury would have convicted him regarding the second and third "means" described in count eight, the government aptly points out that petitioner cannot establish that the jury convicted him on count eight based on the handwritten note.  To the contrary, the jury heard extensive and compelling testimony regarding the letter petitioner sent to SCI employees, and the government discussed this aspect of count eight in its closing argument.  There is simply no way petitioner can establish that, assuming *arguendo* trial counsel was deficient in its investigation and cross-examination of Puterbaugh,  the outcome of count eight would have been different.  Petitioner wholly fails to challenge the other two "means" the jury could have found in convicting petitioner on this count.

The Court further finds that petitioner is not entitled to a hearing on this motion.

Petitoiner offers nothing other than his own self-serving affidavit in support of his motion. In light of the facts established at trial, as well as Puterbaugh's own testimony, the Court finds that petitioner fails to identify any factual question regarding the effectiveness of his trial counsel. Accordingly, he is not entitled to a hearing. *See, Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). Nor does the Court find that a reply brief is necessary to resolve the issues petitioner presents in his motion.

### **CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, petitioner's claims that his trial counsel was ineffective

have no merit. Petitioner has made a substantial showing of the denial of a constitutional right and the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, petitioner Benjamin Suarez's Motion to Vacate Sentence (Doc. 383) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/24/15